PBT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19- cr 312 |
| v. | : | DATE FILED: 5/30/19 |
| JOHN C. DELLAROCCO, JR. | : | VIOLATIONS:<br>18 U.S.C. § 2422(b) (use of an interstate commerce facility to entice a minor, and attempt to entice a minor, to engage in sexual conduct – 4 counts)<br>18 U.S.C. § 2251(a) (manufacture and attempted manufacture of child pornography – 7 counts)<br>18 U.S.C. § 2252(a)(4)(B) (possession of child pornography – 1 count)<br>Notice of forfeiture |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about September 10, 2017, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN C. DELLAROCCO, JR.**

used a facility and means of interstate and foreign commerce, that is, the Internet, to persuade, induce, entice and coerce Minor #1, who had not attained the age of 18 years and who is known to the grand jury, to engage in sexual activity for which any person could be charged with a criminal offense, that is, corruption of the morals of a minor, in violation of 18 Pa.C.S.A. § 6301(a)(1), and did attempt to do so.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 14, 2017, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JOHN C. DELLAROCCO, JR.

used a facility and means of interstate and foreign commerce, that is, the Internet, to persuade, induce, entice and coerce Minor #2, who had not attained the age of 18 years and who is known to the grand jury, to engage in sexual activity for which any person could be charged with a criminal offense, that is, corruption of the morals of a minor, in violation of 18 Pa.C.S.A. § 6301(a)(1), and did attempt to do so.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 10, 2017, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JOHN C. DELLAROCCO, JR.

used a facility and means of interstate and foreign commerce, that is, the Internet, to persuade, induce, entice and coerce Minor #3, who had not attained the age of 18 years and who is known to the grand jury, to engage in sexual activity for which any person could be charged with a criminal offense, that is, corruption of the morals of a minor, in violation of 18 Pa.C.S.A. § 6301(a)(1), and did attempt to do so.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 10, 2017, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JOHN C. DELLAROCCO, JR.

used a facility and means of interstate and foreign commerce, that is, the Internet, to persuade, induce, entice and coerce Minor #4, who had not attained the age of 18 years and who is known to the grand jury, to engage in sexual activity for which any person could be charged with a criminal offense, that is, corruption of the morals of a minor, in violation of 18 Pa.C.S.A. § 6301(a)(1), and did attempt to do so.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 1, 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN C. DELLAROCCO, JR.**

employed, used, persuaded, induced, enticed and coerced Minor #5 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, that is, by soliciting Minor #5 to photograph herself engaging in a sexually explicit conduct and transmit the image to defendant JOHN C. DELLAROCCO, JR., via the Internet, and defendant DELLAROCCO, JR. knew and had reason to know that the visual depiction would be transported and transmitted using a facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 7, 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JOHN C. DELLAROCCO, JR.

employed, used, persuaded, induced, enticed and coerced Minor #6 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, that is, by soliciting Minor #6 to photograph herself engaging in a sexually explicit conduct and transmit the image to defendant JOHN C. DELLAROCCO, JR., via the Internet, and defendant DELLAROCCO, JR. knew and had reason to know that the visual depiction would be transported and transmitted using a facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 15, 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN C. DELLAROCCO, JR.**

employed, used, persuaded, induced, enticed and coerced Minor #7 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, that is, by soliciting Minor #7 to photograph herself engaging in a sexually explicit conduct and transmit the image to defendant JOHN C. DELLAROCCO, JR., via the Internet, and defendant DELLAROCCO, JR. knew and had reason to know that the visual depiction would be transported and transmitted using a facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a).

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 15, 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JOHN C. DELLAROCCO, JR.

employed, used, persuaded, induced, enticed and coerced Minor #8 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, that is, by soliciting Minor #8 to photograph herself engaging in a sexually explicit conduct and transmit the image to defendant JOHN C. DELLAROCCO, JR., via the Internet, and defendant DELLAROCCO, JR. knew and had reason to know that the visual depiction would be transported and transmitted using a facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a).

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 20, 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JOHN C. DELLAROCCO, JR.

employed, used, persuaded, induced, enticed and coerced Minor #9 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, that is, by soliciting Minor #9 to photograph herself engaging in a sexually explicit conduct and transmit the image to defendant JOHN C. DELLAROCCO, JR., via the Internet, and defendant DELLAROCCO, JR. knew and had reason to know that the visual depiction would be transported and transmitted using a facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a).

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 20, 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JOHN C. DELLAROCCO, JR.

employed, used, persuaded, induced, enticed and coerced Minor #10 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, that is, by soliciting Minor #10 to photograph herself engaging in a sexually explicit conduct and transmit the image to defendant JOHN C. DELLAROCCO, JR., via the Internet, and defendant DELLAROCCO, JR. knew and had reason to know that the visual depiction would be transported and transmitted using a facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a).

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 20, 2015, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN C. DELLAROCCO, JR.**

employed, used, persuaded, induced, enticed and coerced Minor #11 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, that is, by soliciting Minor #11 to photograph herself engaging in a sexually explicit conduct and transmit the image to defendant JOHN C. DELLAROCCO, JR., via the Internet, and defendant DELLAROCCO, JR. knew and had reason to know that the visual depiction would be transported and transmitted using a facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means including by computer, and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 26, 2017, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN C. DELLAROCCO, JR.**

knowingly possessed matter, that is, one cellular phone bearing serial number F2MT3ZBEHG00, which contained visual depictions that had been mailed and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and that were produced using materials that had been mailed and shipped and transported in interstate and foreign commerce. The production of these visual depictions involved the use of minors engaging in sexually explicit conduct and the visual depictions were of such conduct. The minors depicted included prepubescent minors and minors who had not attained 12 years of age.

In violation of Title 18, United States Code, Sections 2252(a)(4)(B), (b)(2).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    As a result of the violations of Title 18, United States Code, Sections 2422(b), 2251(a), and 2252(a)(4)(B), as set forth in this indictment, defendant

**JOHN C. DELLAROCCO, JR.**

shall forfeit to the United States of America:

    (a)    any visual depiction, or any film, videotape, or other matter which contains any child pornography, which was produced, transported, mailed, shipped, or received as a result of such violations as charged in the indictment;

    (b)    any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such violations; and

    (c)    any property, real or personal, used or intended to be used to commit or to facilitate the commission of such violations, including, but not limited to:

    (1) Apple Macbook Pro, bearing serial number C02HW42GDKQ1;

    (2) Apple iPhone 7 Plus, Model A1661, bearing serial number F2MT3ZBEHG00;

    (3) 3 Flash drives;

    (4) 1 Sandisk 16 GB (located in XBOX);

    (5) Lenovo Laptop, Model 20187;

    (6) 12 CDs; and

    (7) 1 DVD.

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Sections 2428 and 2253(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 2428 and 2253.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

*Denise Wolf for*
**WILLIAM M. McSWAIN**
**United States Attorney**