## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 19-312** |
| **JOHN C. DELLAROCCO, JR.** | : | |

### GOVERNMENT'S PLEA MEMORANDUM

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Roberta Benjamin, Assistant United States Attorney, respectfully submits this memorandum regarding John C. Dellarocco, Jr.'s entry of a plea of guilty to the Indictment charging him in Counts One through Four with use of an interstate commerce facility to entice and attempt to entice a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b), in Counts Five through Eleven with manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and in Count Twelve with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), in the above-mentioned case. A Notice of Forfeiture was also included in the indictment.

### I.     INTRODUCTION

On May 30, 2019, a 12-count indictment was returned by a Grand Jury in the Eastern District of Pennsylvania charging John C. Dellarocco, Jr. (the defendant) as described above.

### II.     TERMS OF THE PLEA AGREEMENT

The defendant has entered into a plea agreement with the government, subject to approval by this Court. In particular, the parties agree that this plea agreement is made pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(C) and that 240 months' imprisonment is the

appropriate disposition of this case. A true and correct copy of this agreement is attached hereto,

marked as Exhibit "A."

## III.   ESSENTIAL ELEMENTS OF THE OFFENSES

### COUNTS ONE THROUGH FOUR

**A.   Use of an Interstate Commerce Facility to Entice a Minor, and Attempt to Entice a Minor, to Engage in Sexual Conduct, 18 U.S.C. § 2422(b) (Counts One through Four)**

The government must prove the following elements beyond a reasonable doubt:

(1)   The defendant did knowingly use a facility and means of interstate and foreign commerce, that is, the Internet,

(2)   to knowingly persuade, induce, entice and coerce a person he believed to be a minor,

(3)   to engage in sexual activity, and attempt to do so,

(4)   for which any person could be charged with a criminal offense, in this case, Corruption of minors, in violation of Title 18 Pa.C.S.A. § 6301(a)(1)(ii).

Adapted from Modern Federal Jury Instructions; Instruction 64-11.

### COUNTS FIVE THROUGH ELEVEN

**B.   Manufacture and Attempted Manufacture of Child Pornography, 18 U.S.C. § 2251(a) (Counts Five through Eleven)**

The government must prove the following elements beyond a reasonable doubt:

(1)   The defendant used, persuaded, induced, enticed or coerced any minor

(2)   To engage in any sexually explicit conduct

(3)     And attempted to do so,

(4)     For the purpose of producing any visual depiction of such conduct

(5)     And that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce.

Adapted from Modern Federal Jury Instructions; Instruction 62-2.

## COUNT TWELVE

### C.   Possession of Child Pornography, 18 U.S.C. § 2252(a)(4) (Count Twelve)

The government must prove the following elements beyond a reasonable doubt:

(1)     The defendant knowingly possessed

(2)     any child pornography, that is, any visual depiction that involved the use of a minor engaging in sexually explicit conduct

(3)     and that visual depiction is of such conduct

(4)     that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or

(5)     which was produced using materials which have been mailed or so shipped or transported by any means, including by computer

(6)     and at least one image depicts a prepubescent minor under the age of 12.

*U.S. v. Franz*, 722 F.3d 134, 154-155 (3d Cir. 2014).

## IV.   FACTUAL BASIS FOR THE PLEA

If this matter were to proceed to trial, the government would present evidence that would establish the following through the testimony of law enforcement officials, expert and lay witnesses and the introduction of videos containing images of child pornography:

On September 21, 2017, the Delaware County Criminal Investigation Division of the District Attorney's Office, received a tip from the National Center for Missing and Exploited Children

3

(NCMEC) indicating that a person appeared to be enticing children online to expose themselves. The Delaware County Internet Crimes Against Children (ICAC) Taskforce reviewed the report and found that the suspect was located in Delaware County, PA. The tip was anonymous and stated that John Dellarocco (the defendant), residing at 2313 Armstrong Avenue, Holmes, PA, 19046, was offering a $100 iTunes gift card to a 13-year old girl if she exposed herself. The tipster also indicated that they had a video of the defendant masturbating in public within walking distance of an elementary school.[1]

A review of the video confirmed the reporting person's story. In the video, which appears to be self-made, a person is using a computer to film a chat conversation with a girl who appears to be 13-years old. In the video chat, the girl told the person recording the video that she was 13-years old. A check of the information embedded inside the video (the EXIF data) and captured GPS coordinates show that the video was taken on the property of 2313 Armstrong Ave., Holmes, PA, 19046, where the defendant was residing. The EXIF data shows that the video was recorded using an Apple iPhone 7 Plus on 9/10/17 at 9:27 a.m. The video does not capture who is making the recording.

The second video that was submitted by the reporting person clearly shows the defendant inside a vehicle. The defendant has placed a recording device on the passenger seat. The defendant then pulled down his pants, exposing his penis. It appears that the defendant was watching someone because he quickly pulled his pants back up and ended the recording. In the background of the video, one can see what appears to be school-aged girls on the sidewalk next

_____

[1] The Nether Providence Police Department filed complaint number 20170918M0021 against the defendant for indecent exposure and open lewdness in September of 2017. That case is pending in Delaware County.

4

to the defendant's car. The EXIF data has GPS coordinates which reveal that the video was created on Oblerin Avenue in Swathmore, PA. The EXIF data also shows that the video was taken with an Apple iPhone 7 Plus, on 9/11/17 at 6:55 p.m.

On September 21, 2017, the same day as the NCMEC tip, the Delaware County Criminal Investigation Division of the District Attorney's Office (Delaware County CID) also received a tip from the Ridley Township Police Department concerning a report they had received from the email address Childguardalert@gmail.com. This report contained the same information that was in the anonymous NCMEC cybertip. After requesting additional information by emailing Childguardalert@gmail.com, the Delaware County CID received a telephone call from a person who identified himself as a friend of the defendant. The friend explained that on September 15, 2017, he was helping the defendant fix the defendant's iPhone, and backed it up to his own laptop. The friend noted that photographs and images that were on the defendant's phone automatically synced to his computer. The friend discovered two videos which consisted of Omegle chats with girls who appeared young. There was one video in which the girl identified herself as 13-years old and another one in which the defendant was asking the same 13- year old to get naked for money. The Delaware County CID retrieved the iPhone backup that was stored on the friend's computer which had been copied to a silver 16 GB Kingston flash drive.

After securing a search warrant on September 25, 2017, the Delaware County CID searched the USB flash drive and found eight videos of a person attempting to get girls to expose their breasts and butts on the video chat site Omegle. The videos were created using an Apple iPhone 7 Plus and are recordings of the video chats from a computer screen. Some of the videos appear to depict girls who are under the age of 18. All of the video chats have GPS coordinates

5

that show the videos were taken on/or around the property of 2313 Armstrong Ave., Holmes, PA, 19043, the defendant's residence. The search also revealed that the Apple ID associated with the device was johndellaroccojr@yahoo.com.

Further investigation found that the defendant lived at 2313 Armstrong Ave., Holmes, PA, 19043. He had a 2008 Mercedes Benz registered in his name at that address and with the PA tag "DROCK JR." A local search warrant was obtained for the defendant's residence, authorizing the seizure of electronic evidence. Also, Delaware County Common Pleas Court Judge Kelly authorized the photographing and video recording of the defendant's vehicle for comparison of the video recordings that were found on the flash drive that depict the defendant exposing himself near a school.

At the time the search warrant was executed at the defendant's residence, on September 26, 2017, the defendant was in bed and his parents were home. When told that the reason for the search warrant was child pornography, the defendant agreed to provide his passwords for his Apple iPhone7 Plus and his Apple laptop computer. The defendant was told that this was related to the website Omegle which the defendant admitted that he visited. When asked if he ever saw girls under the age of 18 on Omegle, the defendant stated, "probably."

As a result of the execution of the residential search warrant, many items were seized and forensically examined by the Delaware County ICAC Task Force. The items seized include the following, all of which are included in the Notice of Forfeiture:

(1) Apple Macbook Pro, SN C02HW42GDKQ1 ( from defendant's bedroom) with one 256 GB Solid State hard drive located inside the Apple Macbook Pro. An examination of the hard drive revealed the following: Six images of child exploitation;

four images of adult pornography; 61 notable images/videos which did not constitute child pornography); images of the defendant and his car; several of the images had EXIF data with GEO-Location (GPS) data; the GPS data placed the images/video recorded inside/outside defendant's house.

(2) Apple iPhone 7 Plus, Model: A1661, IMEI: 355842080925056 (from defendant's nightstand in bedroom). This is the phone that the defendant used to video record the Omegle chats and images of minors that comprise the online enticement counts in the Indictment. When this iPhone was seized, its contents had already been deleted. This occurred at the time that the defendant and his friend were trying to fix the phone. The friend backed up the iPhone's contents to his computer, after the defendant entered a passcode, and the iPhone's contents were then deleted.

The videos that form the basis for the four proposed enticement and attempted enticement of a minor charges are located on the USB flash drive which was copied from the backup of the defendant's iPhone that was stored on the friend's computer and given to the Delaware County CID. The videos contain images in which the person recording the victims asks the minors to expose their breasts and/or genitalia, which they sometimes do. Using Omegle IP logs, four minors have been identified as victims of the defendant's online enticement. These minors have been forensically interviewed and confirmed their communications using Omegle and their chats (with the defendant) in which the defendant persuaded, induced, enticed, and coerced, and attempted to persuade, induce, entice, and coerce the minors to expose their breasts. The ages of the minors at the time

7

the videos were made were nine (Count One)[2], eight (Count Two), and 13 (Counts Three and Four). This conduct by the defendant constitutes the Pennsylvania charge of "corruption of a minor" [18 Pa.C.S.A. § 6301(a)(1)]. This is the underlying illegal sexual conduct in the federal online enticement offenses that comprise Counts One through Four of the proposed indictment.

(3) Three Flash drives (from defendant's top dresser drawer in bedroom); on one Flash drive- 16GB Lexar- 13 videos contained images of child pornography that were recovered from unallocated clusters; all had EXIF data with GPS data; videos recorded with an Apple iPhone 5C.

The videos for the seven charges of manufacturing and attempted manufacturing of child pornography were recovered from one of the flash drives found in the defendant's dresser drawer during the execution of the search warrant of his residence. Although the females in the videos have not been identified, their lack of breast development and pubic hair (minor pubic hair, at most, for a couple of them) as well as their overall appearance establish that they were minors at the time that the defendant surreptitiously recorded them. Also, for all of these videos, the EXIF data of the file and captured GPS coordinates show that the videos were taken on the property of the

---

[2]  For example, the basis for Count One of the Indictment is one of the videos on the USB flash drive that is labeled "IMG_2136." This is the same video that was reported by the friend in his anonymous cybertip. In the video, the recorder asked the 13-year old girl to flash her "boobs" or butt. If she complies, the recorder will perform oral sex on himself. Even after finding out that the girl is 13 years old, the recorder presses for her to provide him with a naked video of herself. The recorder asks the girl if she is alone and tells her to go to the bathroom so she won't be interrupted while doing what he requests of her. This video consists of the defendant filming the online video chat that is occurring on a computer.

defendant's residence on Armstrong Avenue, in Holmes, Pennsylvania. Further details of the seven counts are noted below:

On 4/1/2015, at about 22:54, the defendant created a video file of a live Omegle video chat that he was engaged in. The recording shows two minor girls. The chat begins with the defendant saying, "If u flash ur boobs or butt, ill suck." The two minors flash their breasts and buttocks. The defendant says, "ok im getting it hard now," "keep doing it longer," "keep going," "im almost there." One can hear typing and then one of the minor victims says, "I wish we didn't have to do that." One victim then exposes her vagina to the camera quickly. There is the sound of more typing and then the minor victim exposes her vagina again for a longer duration. The case agent has estimated that one of the females is less than 16 years old and the other is less than 18 years old. (Count Five)

On July 7, 2015, at about 23:00, the defendant created a video file of a live Omegle video chat that he was engaged in. The recording shows a minor girl. The words, "show" and "lower" are visible as written by the defendant in the chat. The minor girl removes her pants and exposes her vagina to the camera after those words are typed in the chat by the defendant. On that same date, at about 23:07, the defendant was again engaged in a video chat with the same minor girl. The words, "spread" and "show" are visible as having been typed by the defendant. After these words are typed, the minor girl removes her pants, exposes her vagina to the camera, begins to masturbate and exposes her breasts. The case agent has estimated that the female is less than 12 years old. (Count Six)

On July 15, 2015, at about 1:02, the defendant created a video file of a live Omegle video chat that he was engaged in. The video recording shows two minor girls. The words "show" and

"flash" are visible as typed by the defendant. The minor girls turn around and pull down their pants. They are kneeling and bend over exposing their vaginas. Typing can be heard and the girls expose themselves again to the camera. The case agent has estimated that the females are approximately between 12 and 14 years old. (Count Seven)

On July 15, 2015, at about 01:14, the defendant created a video file of a live Omegle video chat that he was engaged in. The video recording shows a minor girl exposing her butt to the camera. One can hear typing. Then, the minor makes a disgruntled face, removes her pants, and begins to masturbate for the camera. Typing can again be heard. One cannot see who is typing, except that the girl does not appear to be doing so. That would leave only the defendant or someone on his side of the chat.The victim then exposes her breasts to the camera. The case agent has estimated that the female is approximately between 12 and 14 years old. (Count Eight)

On July 20, 2015, at about 20:35, the defendant created a video file of a live Omegle video chat that he was engaged in. The video recording shows a minor girl. The chat log shows that the defendant and the minor girl were connected because they shared an interest in boys. The defendant typed, "if u flash ur boobs or butt, ill suck my own cock for u." The minor responds, "she ill show you my ass." She then turns around and exposes her naked butt and vagina, while spreading them to the camera. The case agent has estimated that the female is less than 12 years old. (Count Nine)

On July 20, 2015, at about 22:48, the defendant created a video file of a live Omegle video chat that he was engaged in. The recording shows two minor girls. The chat log shows the defendant having typed, "If u flash." One of the minors (the first minor) exposes her breast to the camera; she then stops and pulls her pants aside, exposing her vagina to the camera. The other

girl (the second minor) then pulls down her pants and exposes her vagina; she then inserts her finger into her vagina.

On July 20, 2015, at about 22:49, the same two minors are seen in the video file of a live Omegle chat. In the chat log, the words "If u flash" appear. The first minor again exposes her vagina and begins to masturbate with her finger. As this is unfolding, the chat log depicts portions of words that seem to reflect words like "keep" and "butt" as having been typed by the defendant.

On July 20, 2015, at about 22:55, the same two minors are again seen in a video file of a live Omegle chat. One of the two girls pushes aside her pants and underwear and masturbates for the camera. Typing is heard in between the girl's exposing herself. The case agent has estimated that the females are less than 12 years old. (Count Ten)

On August 20, 2015, at about 21:04, the defendant created a video file of a live Omegle video chat in which he was engaged. The video recording is a recording of a laptop screen and shows that Omegle is being used and shows a minor girl. The chat appears to show that the defendant typed the words, "if u." The girl then removes her shirt and begins fondling her breasts. You can hear more typing, although you can not see the chat log. The girl then shows her butt to the camera with her underwear on. More typing is heard and then the girl pulls down her underwear and exposes her butt. Again, there is more typing and the girl removes her underwear so that she is completely naked, and bends over exposing her butt; she holds the pose.

On August 20, 2015, at about 21:07, the defendant created a continuation of the video file of an Omegle chat that he was engaged in with the same minor girl mentioned above. Right at the beginning of the video file, the minor is completely naked and posing her vagina in front of

11

the camera. One hears some typing and then the girl begins to touch her vagina. There is more typing and then the victim turns around, exposes her butt and vagina and spreads it for the camera with her fingers. Eventually, you can see some of the chats where the defendant has written, "Bend over" and "turn."

On August 20, 2015, at about 21:23, the defendant created another continuation of the two video files of an Omegle chat that he was engaged in with the same minor girl mentioned above. In this one, the same minor victim appears completely naked and is masturbating in front of the camera. The visible portion of the chat log shows the defendant to have asked the minor, "How old." The victim responds, "15." The defendant tells the minor that he is "16." The case agent has estimated that the female is probably about 15 years old. (Count Eleven)

As noted above, a local search warrant was executed on the defendant's residence, on September 26, 2017. The flash drive that was found in the defendant's dresser was found to contain the videos containing child pornography that comprise the manufacture and attempted manufacture counts of the indictment (Count Twelve).

## V.    MAXIMUM PENALTIES

### STATUTORY MAXIMUM SENTENCES:

**Use of an Interstate Commerce Facility to Entice a Minor, and Attempt to Entice a Minor, to Engage in Sexual Conduct, 18 U.S.C. § 2422(b) (Counts One through Four):** The defendant can receive a maximum of life imprisonment (class B felony), a mandatory minimum period of ten years' imprisonment, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, a $100 special assessment, and, if found not to be indigent, an additional mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014,

12

on each count.

**Manufacture and Attempted Manufacture of Child Pornography, 18 U.S.C.**

**§ 2251(a) (Counts Five through Eleven):**The maximum penalty is 30 years'incarceration with

a mandatory 15 year term, a minimum 5 year term up to a lifetime of supervised release, a

$250,000 fine, restitution, a $100 special assessment, and, if found not to be indigent, an

additional mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014,

on each count except Count Five.[3]

**Possession of Child Pornography, 18 U.S.C. § 2252(a)(4) (Count Twelve)**: The

defendant can receive a maximum of 20 years' imprisonment[4] (class C felony), a minimum 5

year term up to a lifetime of supervised release, a $250,000 fine, restitution, a $100 special

assessment, and, if found not to be indigent, an additional mandatory $5,000 special assessment

must be imposed pursuant to 18 U.S.C. § 3014.

**Total Maximum and Mandatory Minimum Sentence**: Lifetime imprisonment, with a

mandatory minimum of 15 years' imprisonment, a mandatory minimum five years supervised

release up to a lifetime of supervised release, a $3,000,000 fine, a $1,200 special assessment,

and, if found not to be indigent, an additional mandatory $55,000 mandatory special assessment

under 18 U.S.C. § 3014(a). This additional special assessment assumes the defendant is not

---

[3] Under the Justice for Victims of Trafficking Act of 2015, there is an additional special assessment of $5,000 for each offense, relating to sexual exploitation and other abuse of children; effective May 29, 2015. Since Count Five took place on April 1, 2015, this additional special assessment does not apply. *See* 18 U.S.C.A. § 3014.

[4] Pursuant to 18 U.S.C. § 2252(b)(2), "if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years…".

deemed indigent. Full restitution is mandatory and must be ordered. Forfeiture of any property,

real or personal, that constitutes or is derived from proceeds traceable to the commission of the

violation also may be ordered.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney


/s/ Roberta Benjamin

ROBERTA BENJAMIN
Assistant United States Attorney

14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

       v.                    :      **CRIMINAL NO. 19-312**

JOHN C. DELLAROCCO, JR.      :

### GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1.      The defendant agrees to plead guilty to Counts One through Twelve of an Indictment, charging him in Counts One through Four with of use of an interstate commerce facility to entice and attempt to entice a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b), in Counts Five through Eleven with manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and in Count Twelve with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), all arising from the defendant's coercing minor females who were communicating with him live on the application "Omegle" to expose their genitals to him and/or to expose their breasts, while he surreptitiously recorded it. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2.      At the time of sentencing, the government will:

EXHIBIT A

a.     Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate consistent with paragraph five below.

b.     Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

c.     Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

3.     The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum sentences: Counts One through Four, use of an interstate commerce facility to entice and attempt to entice a minor to engage in sexual conduct, a statutory maximum of life imprisonment, a mandatory minimum period of ten years' imprisonment, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, mandatory restitution, a $100 special assessment, and, if found not to be indigent, an additional mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014, on each count; Counts Five through Eleven, manufacture and attempted manufacture of child pornography, a statutory maximum of 30 years' incarceration with a mandatory 15-year term, a minimum 5-year term up to a lifetime of supervised release, a $250,000 fine, mandatory restitution, a $100 special assessment, and, if found not to be indigent, an additional mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014 on each count; and

- 2 -

Count Twelve, possession of child pornography, a statutory maximum of 20 years' imprisonment, a minimum 5-year term up to a lifetime of supervised release, a $250,000 fine, mandatory restitution, a $100 special assessment, and, if found not to be indigent, an additional mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014.

**Total Maximum Sentence:** Life imprisonment, a mandatory minimum period of 15 years' imprisonment, a minimum 5-year term up to a lifetime of supervised release, a $3,000,000 fine, mandatory restitution, a $1,200 special assessment and, if found not to be indigent, an additional mandatory $60,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014. Forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the violations also may be ordered.

4.      The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 5 years on Counts One through Four, up to 3 years on Counts Five through Eleven, and up to 2 years on Count Twelve.   If the defendant violates supervised release by committing one or more specified child exploitation offenses, the court will revoke supervised release and require the defendant to serve an additional term of imprisonment of at least 5 years (18 U.S.C. § 3583(k)). Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

5.      The parties agree that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case: 240 months' imprisonment.   If the Court does not accept this plea

- 3 -

agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and insist that the case proceed to trial.

      6.     In order to facilitate the collection of the criminal monetary penalties to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in his own name or in the name of a relative, spouse, associate, another person, or entity, and whether held in this country or outside this country. Accordingly:

      a.     The defendant will submit a completed Financial Statement of Debtor to the U.S. Attorney's Office, in a form it provides and as it directs, within 14 days of execution of this plea agreement. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

      b.     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

      c.     Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing, and provide all documents within the defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

      d.     The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

- 4 -

e.     The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

f.     If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1.

7.     The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose. In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

8.     The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

9.     The defendant agrees to pay the special victims/witness assessment in the amount of $1,200 at such time as directed by the Court.

10.     The parties agree to the following with respect to the forfeiture of assets:

a.      The defendant agrees that, pursuant to the Notice of Forfeiture in the Indictment in this case, based on the defendant's conviction for his offenses of online enticement and attempted online enticement, manufacturing and attempted manufacturing of child pornography, and possession of child pornography, as charged in Counts One through Twelve of the Indictment, he forfeits his right, title, and interest in the following assets and agrees that such assets are books, magazines, periodicals, films, videotapes, or other matter which contain a visual depiction described in 18 U.S.C. § 2252 or which were used or intended to be used to commit or promote the commission of the offenses, and are subject to forfeiture under 18 U.S.C. § 2253: (1) Apple Macbook Pro, bearing serial number C02HW42GDKQ1;(2) Apple iPhone 7 Plus, Model A1661, bearing serial number F2MT3ZBEHG00; (3) 3 Flash drives; (4) 1 Sandisk 16 GB (located in XBOX); (5) Lenovo Laptop, Model 20187; (6) 12 CDs; and (7) 1 DVD.

b.      The defendant agrees to the entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea and before sentencing. Pursuant to Rule 32.2(b)(3), the defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before his sentencing.

11.      The defendant agrees to waive any claims, defenses, or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to his criminal conduct.

12.      Other than as indicated in paragraph 5, the defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to

- 6 -

this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

13.     Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

Counts One through Four

a.     The parties agree and stipulate that the base offense level is 28, pursuant to USSG § 2G1.3(a)(3);

b.     The parties agree and stipulate that the offenses involved the use of a computer or interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct, increasing his offense level by two points, pursuant to USSG § 2G1.3(b)(3);

c.     The parties agree and stipulate that for Counts One and Two, the victims were under the age of 12 years, increasing his offense level on those counts by eight points, pursuant to USSG § 2G1.3(b)(5);

Counts Five through Eleven

d.     The parties agree and stipulate that the base offense level is 32, pursuant to USSG § 2G2.1(a);

- 7 -

e.      The parties agree and stipulate that for the purpose of producing sexually explicit material or transmitting such material live, the offense involved the use of a computer or interactive computer service to solicit participation with a minor in sexually explicit conduct, elevating the offense level by two points on each of these counts, pursuant to USSG § 2G2.1(b)(6);

f.      The parties agree and stipulate that for Counts Six, Ten, and Eleven, the offense involved the commission of a sex act, increasing the offense level by 2 points pursuant to USSG § 2G2.1(b)(2)(A);

g.      The parties agree and stipulate that for Counts Five through Eleven, charging manufacture and attempted manufacture of child pornography, that the offenses are covered sex crimes, and the defendant engaged in a pattern of activity involving prohibited sexual conduct, that is, on two separate occasions, he engaged in the manufacture of child pornography of a minor, elevating his total final offense level by five points, pursuant to USSG § 4B1.5(b);

h.      The parties agree and stipulate that pursuant to USSG § 3D1.2, Counts One through Twelve do not group, resulting in an additional five levels added to his final offense level, pursuant to USSG § 3D1.4;

i.      The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a);

j.      The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government

- 8 -

to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

14.    The defendant has been advised and understands that under the Sex Offender Registration and Notification Act (SORNA), a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.  This registration will also be a condition of any supervised release.   The defendant also understands that independent of supervised release and the federal law requirements, he will be subject to state sex offender registration requirements, and that these federal law and state requirements may apply throughout his life.

15.    If the defendant commits any federal, state, or local crime between the date of this agreement and his sentencing, or otherwise violates any other provision of this agreement, the government may declare a breach of the agreement, and may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the investigation and prosecution of the criminal case; (b) upon

- 9 -

government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed on the basis of this agreement; (c) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (d) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him. The decision shall be in the sole discretion of the government both whether to declare a breach, and regarding the remedy or remedies to seek. The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

16.     If the Court accepts the recommendation of the parties and imposes the sentence stated in paragraph 5 of this agreement, the government agrees that it will not file any appeal of the sentence in this case, and the defendant agrees that he voluntarily and expressly waives all rights to appeal or collaterally attack the conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute. However, the defendant retains the right to file a claim, if otherwise allowed by law, that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance.

17.     If the Court does not accept the recommendation of the parties to impose the sentence stated in paragraph 5 of this agreement, and the defendant nevertheless decides to

- 10 -

enter a guilty plea, without objection by the government, then the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

      a.    Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

      b.    If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

      (1)    that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph three above;

      (2)    challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

      (3)    challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

      (4)    that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

- 11 -

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

18.     The defendant acknowledges that filing an appeal or any collateral attack waived in either of the two preceding paragraphs may constitute a breach of this plea agreement. The government promises that it will not declare a breach of the plea agreement on this basis based on the mere filing of a notice of appeal, but may do so only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the filing and pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

19.     The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

20.     The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

21.     It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and

- 12 -

that no additional promises, agreements, or understandings will be entered into unless in writing

and signed by all parties.

WILLIAM M. McSWAIN
United States Attorney

JOHN C. DELLAROCCO, JR.
Defendant

DENISE WOLF
Chief, Criminal Division
Assistant United States Attorney

CATHERINE HENRY
Counsel for the Defendant

ROBERTA BENJAMIN
Assistant United States Attorney

Date: 7/2/19

- 13 -

**Attachment**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

v.    :    **CRIMINAL NO. 19-312**

JOHN C. DELLAROCCO, JR.    :

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.    I understand that I do not have to plead guilty.

2.    I may plead not guilty and insist upon a trial.

3.    At that trial, I understand

    a.    that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

    b.    that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

    c.    that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

    d.    that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

    e.    that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

    f.    that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

- 14 -

g.      that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

h.      that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.      I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.      I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.      I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7.      Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

8.      I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

(1) the nature and circumstances of the offense and my personal history and characteristics;

(2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- 15 -

(5) the need to provide restitution to any victims of the offense.

JOHN C. DELLAROCCO, JR.
Defendant

CATHERINE HENRY
Counsel for the Defendant

Dated: 7|2|19

CERTIFICATE OF SERVICE.

I hereby certify that a true and correct copy of the Government's Guilty Plea

Memorandum has been served upon the following by electronic mail on this date:


        Catherine Henry, Esq.
        Counsel for the Defendant
        Defender Association of Philadelphia
        Suite 540 West, The Curtis Center Building
        Independence Square West
        Philadelphia, PA 19106


                /s/ Roberta Benjamin
                _____
                ROBERTA BENJAMIN
                Assistant United States Attorney


Dated:  8/15/2019