IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-312 |
| JOHN C. DELLAROCCO, JR. | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant's egregious crimes in which he coerced fourteen young girls to expose themselves to him on line and, in particular, his surreptitious filming of these minor victims in exposed or sexually explicit positions, mandate a significant period of incarceration. The parties' have proposed a sentence of 240 months' imprisonment, which is necessary to punish the defendant for causing girls as young as eight years old to expose themselves to him, and ask this Court to sentence in accordance with the plea agreement.

**I.      BACKGROUND**

On May 30, 2019, a grand jury in the Eastern District of Pennsylvania, returned a 12-count indictment charging John C. Dellarocco, Jr. ("the defendant") in Counts One through Four with use of an interstate commerce facility to entice and attempt to entice a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b), in Counts Five through Eleven with manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and in Count Twelve with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), in the above-mentioned case. A Notice of Forfeiture was also included in the indictment. On August 13, 2019, the defendant appeared before the Honorable Petrese B. Tucker and pleaded guilty to all charges in the indictment.

1

The charges stem from the discovery of video recordings of chats between the defendant and minor girls in which the defendant persuaded, induced, enticed, and coerced or attempted to persuade, induce, entice, and coerce those minor girls to expose themselves in sexually explicit positions (manufacture and attempted manufacture) or persuaded, induced, enticed, and coerced or attempted to persuade, induce, entice and coerce other minor victims to expose their breasts (online enticement and attempted online enticement). In all of these cases, unbeknownst to the girls, the defendant surreptitiously recorded the chats and exposures, and attempts of the same, saving these videos on flash drives or his cell phone. To date, many of the defendant's victims still have no idea that he recorded them in such compromised exposures and that he maintained a collection of those videos.

**A.     Statutory Maximum Sentences**

**STATUTORY MAXIMUM SENTENCES:**

**Use of an Interstate Commerce Facility to Entice a Minor, and Attempt to Entice a Minor, to Engage in Sexual Conduct, 18 U.S.C. § 2422(b) (Counts One through Four):**

On each count: A statutory maximum of life imprisonment (class B felony), a mandatory minimum period of ten years' imprisonment, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, a $100 special assessment, and, if found not to be indigent, an additional mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014.

**Manufacture and Attempted Manufacture of Child Pornography, 18 U.S.C. § 2251(a) (Counts Five through Eleven):**

On each count except count 5: The maximum penalty is 30 years' incarceration with a mandatory 15 year term, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, a $100 special assessment, and, if found not to be indigent, an additional

mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014.[1]

**Possession of Child Pornography, 18 U.S.C. § 2252(a)(4) (Count Twelve)**:

A statutory maximum of 20 years' imprisonment[2] (class C felony), a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, a $100 special assessment, and, if found not to be indigent, an additional mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014.

**Total Maximum and Mandatory Minimum Sentence**: Lifetime imprisonment, with a mandatory minimum of 15 years' imprisonment, a mandatory minimum five years supervised release up to a lifetime of supervised release, a $3,000,000 fine, a $1,200 special assessment, and, if found not to be indigent, an additional mandatory $55,000 mandatory special assessment under 18 U.S.C. § 3014(a). This additional special assessment assumes the defendant is not deemed indigent. Restitution is mandatory and must be ordered. Forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the violation also may be ordered.

B.   **Sentencing Guidelines Calculation**

The Probation Office correctly calculated the defendant's advisory guideline range, as follows:

---

[1] Under the Justice for Victims of Trafficking Act of 2015, there is an additional special assessment of $5,000 for each offense, relating to sexual exploitation and other abuse of children; effective May 29, 2015. Since Count Five took place on April 1, 2015, this additional special assessment does not apply. *See* 18 U.S.C.A. § 3014.

[2] Pursuant to 18 U.S.C. §  2252(b)(2), "if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years…".

**Use of Interstate Commerce Facility to Entice a Minor and Attempt to Entice a Minor to Engage in Sexual Contact (Counts One through Four):**

**For Counts One and Two, age of minor less than 12:**

| | |
|---|---|
| Pursuant to § 2G1.3(a)(3) | 28 |
| Pursuant to § 2G1.3 (b)(3), use of a computer | +2 |
| Pursuant to § 2G1.3 (b)(5), minor under 12 years | +8 |
| TOTAL | 38 |

**For Counts Three and Four:**

| | |
|---|---|
| Pursuant to § 2G1.3(a)(3), [2422(b)] the base offense level | 28 |
| Pursuant to § 2G1.3 (b)(3), use of a computer | +2 |
| TOTAL | 30 |

**Manufacturing and Attempted Manufacturing of Child Pornography (Counts Five through Eleven):**

**For Counts Five, Seven, and Nine:**

| | |
|---|---|
| Pursuant to § 2G2.1(a), the base offense level is | 32 |
| Pursuant to § 2G2.1 (b)(6), use of a computer | +2 |
| TOTAL | 34 |

**For Counts Six, Eight, Ten, and Eleven:**

| | |
|---|---|
| Pursuant to § 2G2.1(a), the base offense level is | 32 |
| Pursuant to § 2G2.1 (b)(6), use of a computer | +2 |
| Pursuant to § 2G2.1(b)(2)(A)[3] (minors either masturbate or digitally penetrate themselves, for gratification and arousal of defendant) | +2 |
| TOTAL | 36 |

---

[3] The definition of a "sexual act" or "sexual contact" is that given in 18 U.S.C. § 2246(2) and (3), according to Application Note 2. In relevant part, 18 U.S.C. § 2246(2) states as follows: (2) the term "sexual act" means- [ ] (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; (3) the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

**Possession of Child Pornography (Count Twelve):**

| | |
|---|---:|
| Pursuant to § 2G2.2(a)(1), the base offense level is | 18 |
| Pursuant to § 2G2.2(b)(2), minor under 12 years | +2 |
| Pursuant to § 2G2.2(b)(5), pattern of activity | +5 |
| Pursuant to § 2G2.2 (b)(6), use of a computer | +2 |
| Pursuant to § 2G2.2(b)(7)(D), more than 600 images | |
| (Application Note No. 6(B)(ii), each video counts as 75 images) | +5 |
| TOTAL | 32 |

**Multiple Count Adjustment**:

Pursuant to § 3D1.2(d), none of the counts would group. Units are assigned to the different groups. One Unit is assigned to the group with the highest offense level. An additional unit is assigned for each group that is equally serious or from one to four levels less serious. One-half unit is assigned to any group that is five to eight levels less serious than the highest offense level. This results in the following assignation:

| Group/Count | Adjusted Offense Level | Units |
|---|---|---|
| Group/Count One | 38 | 1 |
| Group/Count Two | 38 | 1 |
| Group/Count Three | 30 | .5 |
| Group/Count Four | 30 | .5 |
| Group/Count Five | 34 | 1 |
| Group/Count Six | 36 | 1 |
| Group/Count Seven | 34 | 1 |
| Group/Count Eight | 36 | 1 |
| Group/Count Nine | 34 | 1 |
| Group/Count Ten | 36 | 1 |
| Group/Count Eleven | 36 | 1 |
| Group/Count Twelve | 32 | .5 |

The total number of units is 10.5. Pursuant to § 3D1.4, five levels are added to the group with the highest offense level. This results in a combined adjusted offense level of 43. Pursuant to

§ 4B1.5(b)(1), a five level enhancement applies since the defendant engaged in a pattern of activity involving prohibited sexual conduct, resulting in an offense level of 48. The defendant receives a three level reduction in his offense level because of timely acceptance of responsibility. The final offense level is 45. Pursuant to Chapter 5, Part A, comment n. 2, the offense level is treated as a level 43. With a criminal history category of I, the advisory guideline range is life, with a mandatory minimum of 15 years.

### III.     ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is in accordance with the plea agreement, namely 240 months' incarceration. The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).[4]

### Consideration of the 3553(a) Factors

The defendant's criminal actions speak for themselves. He entered chat rooms for the purpose of meeting minor girls and chatting with them over the internet. He then, persuaded them to expose their "private parts" to him, sometimes convincing them to engage in acts of masturbation or penetration for his satisfaction. He also secretly video recorded the girls as they engaged in this sexually explicit activity, and saved the recordings to be played whenever the defendant liked. As the adult, the defendant was easily able to manipulate each of his young victims into doing exactly what he wanted. The defendant victimized children as young as eight years old, convincing them to engage in extremely sexually explicit conduct and directing them to commit specific sex acts.

Many of the defendant's victims may not even know to this day that their genitalia and/or breasts were the subject of the defendant's collection of child pornography and erotica. In light of the disturbing nature of the offenses committed by the defendant, the recommended sentence is appropriate. § 3553(a)(1).

Clearly, a significant term of imprisonment and supervision is required "to reflect the

---

[4] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) (quoting *United States v. Navedo-Concepcion,* 450 F.3d 54, 58 (1st Cir. 2006)).

seriousness of the offense[s], to promote respect for the law, and to provide just punishment for the offense[s]."§ 3553(a)(2).  Furthermore, the lengthy sentence of incarceration affords adequate deterrence to others who would commit similar offenses, and protects the public from further crimes of this defendant.  Id. § 3553(a)(3).

A lengthy period of supervised release after incarceration will serve "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ."  § 3553(a)(4).  The government recommends that this court impose a period of lifetime supervised release.

The sentence is also justified and sufficient to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. § 3553(a)(6).

No restitution submissions have been received by the government, so this is not a factor in determining an appropriate sentence in this case.  § 3553(a)(7).

To date, the defendant has not filed a sentencing memorandum in which any persuasive argument(s) for leniency are argued. The government, therefore, respectfully requests the opportunity to verbally respond to any issue raised by the defendant, should this occur after the filing of this memorandum.

### IV.    CONCLUSION

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition of a sentence in accordance with the plea agreement, that is 240 months' incarceration.

        Respectfully submitted,

        WILLIAM M. MCSWAIN
        United States Attorney


        */s/ Roberta Benjamin*
        ROBERTA BENJAMIN
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served upon the following by electronic filing on this date:

>Catherine Henry, Esq. and Katrina Young, Esq.
>Defender Association of Philadelphia Federal Court Division
>The Curtis Center Building
>601 Walnut Street, Suite 540 West
>Independence Square West
>Philadelphia, PA 19106
>Catherine_Henry@fd.org
>Katrina_Young@fd.org

>*/s/ Roberta Benjamin*
>ROBERTA BENJAMIN
>Assistant United States Attorney

Dated:  12/05/2019