IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PHILADELPHIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 19-312 |
| | : | |
| JOHN C. DELLAROCCO, JR. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

John C. Dellarocco, Jr., comes before this Court having pled guilty to four counts of use of an interstate commerce facility to entice a minor, and attempt to entice a minor, to engage in sexual conduct in violation of 18 U.S.C. § 2422(b); seven counts of manufacture and attempted manufacture of child pornography in violation of 18 U.S.C. § 2251(a); and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  Mr. Dellarocco has accepted responsibility for his conduct and while he recognizes that his regret does little to lessen the impact of his actions on the victims in this case, he is deeply sorry for the harm that his actions have caused.

The parties have entered into a stipulated plea agreement wherein it is jointly agreed that the appropriate sentence in this case is 240 months incarceration.  The Presentence Reports sets out the guidelines as life based on and offense level of 43, and a criminal history category of I. Though the agreed upon sentence marks a variance from this guideline calculation, the parties maintain that the agreed upon sentence of 240 months is appropriate given a careful consideration of all of the sentencing factors. Mr. Dellarocco, by his attorneys, Katrina Young, Assistant Federal Defender, and Catherine C. Henry, Senior Litigator, submit this sentencing memorandum for the Court's consideration.

## I. PROCEDURAL HISTORY

On May 30, 2019, a grand jury sitting in the Eastern District of Pennsylvania returned a twelve-count Indictment charging John Dellarocco, Jr., with use of an interstate commerce facility to entice a minor, and attempt to entice a minor, to engage in sexual conduct in violation of 18 U.S.C. § 2422(b); manufacture and attempted manufacture of child pornography in violation of 18 U.S.C. § 2251(a); and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  On August 13, 2019, Mr. Dellarocco pled guilty pursuant to a stipulated guilty plea agreement made pursuant to Federal Rule of Procedure 11(c)(1)(c), wherein the parties jointly agree that the appropriate sentence of 240 months of incarceration.  Sentencing is scheduled for December 16, 2019.

## II. MR. DELLAROCCO'S HISTORY AND CHARACTERISTICS

Mr. Dellarocco's history and characteristics are thoroughly and accurately summarized in the presentence investigation report prepared by United States Probation Officer Piskai.  In addition, Mr. Dellarocco has prepared a letter for the Court expressing his remorse for his actions. (Attached as Exhibit A).

## III. SENTENCING CONSIDERATIONS

As set forth by the Third Circuit in United States v. Merced, — F.3d —, 2010 WL 1542263 (3d Cir. April 20, 2010), a sentencing court must, in every case,

> First . . . correctly calculate the defendant's Guidelines range. Second, it must rule on any motions for departures.  Finally, "after giving both parties an opportunity argue for whatever sentence they deem appropriate," the court must "exercise[] its discretion through meaningful consideration to the § 3553(a) factors" before deciding on a sentence.[1]

---

[1] The sentencing factors set forth in § 3553(a) include:
- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the kinds of sentence available;

2

Merced, 2010 WL 1542263, at *6 (internal citations omitted). In arriving at an ultimate sentence, the sentencing court may not prefer a within-Guidelines sentence over a sentence outside the Guidelines. See Nelson v. United States, — U.S. —, 129 S. Ct. 890, 891 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are not to be *presumed* reasonable.") (emphasis in original). The overarching goal of this three-part process remains the imposition of a sentence "sufficient, but not greater than necessary," to achieve the goals of sentencing – retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a).

## IV. THE SENTENCING GUIDELINE RANGE

The Presentence Investigation Report ("PSR") sets Mr. Dellarocco's final offense level at 43 and his criminal history category as I resulting in a guideline range of life. Mr. Dellarocco entered into a guilty plea agreement under Federal Rule of Procedure 11(c)(1)(c), the terms and conditions which are accurately summarized in the presentence investigation report. The parties agree to jointly recommend a sentence of 240 months. Though the jointly recommended sentence marks a downward variance from the sentencing guideline, given the circumstances of Mr. Dellarocco's life, his early intention to plead guilty, and other factors discussed in this memorandum, the parties believe that 240 months incarceration is an appropriate sentence under the factors set forth in 18 U.S.C. § 3553(a).

---

- the Guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range;
- the need to avoid unwarranted sentencing disparity; and
- the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

## V.      OTHER SENTENCING FACTORS

In the present case, the Court must also consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing for Mr. Dellarocco:

### A.      Nature and Circumstances of the Offense and History and Characteristics of Mr. Dellarocco

Mr. Dellarocco's history and characteristics and the nature and circumstances of the offense support a sentence in the range of 240 months. He wants to participate in any program available through the BOP. Mr. Dellarocco knows that in order for him to have success when released to the community, he must learn the tools necessary to live a productive lifestyle.

### B.      The Need for the Sentence Imposed to Promote Certain Statutory Objectives

*1.      To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

While Mr. Dellarocco committed a serious crime, the recommended sentence will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

*2.      To afford adequate deterrence to criminal conduct.*

Similarly, Mr. Dellarocco's prosecution in the serious venue of federal court, along with a 240 month sentence, provides a more-than-adequate general deterrence to other, similarly-situated individuals.

*3.      To protect the public from further crimes of the defendant.*

Mr. Dellarocco's personal experience in this case, combined with the lengthy sentence that he will receive and the rehabilitation that he will receive in prison, will help to ensure that he

does not commit any further offenses. Such a sentence would adequately protect the public against further crimes by Mr. Dellarocco for the foreseeable future.

> 4. *To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.*

While Mr. Dellarocco is serving his sentence, he will have the opportunity to afford himself of the educational and vocational programming within the Bureau of Prisons. He can also receive mental health treatment if necessary. The recommended sentence is significant and would meet the purposes of these goals.

### C. Kinds of Sentences Available

The Court must also consider "the kinds of sentences available." 18 U.S.C. § 3553(a)(3). A sentence of 240 months, which marks a variance below the applicable guideline range, is certainly available to the Court.

### D. The Need to Avoid Unwarranted Disparities

The Court must consider the sentencing guidelines and policy statements that the sentencing Commission has established for "the applicable category of offense committed by the applicable category of the defendant." 18 U.S.C. Section 3553 (a)(4) and (5). The Court also shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A sentence of 240 months would not result in *unwarranted* disparity.

### E. The Need to Provide Restitution to Any Victims of the Offense

Restitution is not an issue in this case.

### IV. CONCLUSION

Based on the above stated reason, the defense respectfully requests that this Court impose the recommended sentence of 240 months.

## **CERTIFICATE OF SERVICE**

      I, Catherine C. Henry, Senior Litigator, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have filed and served the Defendant's Sentencing Memorandum by Electronic Case Filing upon Assistant United States Attorney Roberta Benjamin, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

                                            *s/Catherine C. Henry*
                                            CATHERINE C. HENRY
                                            Senior Litigator

DATE:  December 11, 2019